IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**ISSAC JERRELL, Individually and on**     **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.     No. 1:18-cv-929

**A NEW ENTRY, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Issac Jerrell ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant A New Entry, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and other similarly situated individuals overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect within the Austin Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

4. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

5. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

6. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

7. Plaintiff Issac Jerrell is an individual and resident of Texas

8. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Supervisor and non-exempt from the requirements of the FLSA.

9. Defendant A New Entry, Inc., is a domestic non-profit corporation, registered to do business in the State of Texas, providing community reentry treatment to individuals experiencing homelessness, substance abuse, and other personal issues.

10. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

11. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce, including but not limited to, computers and office supplies.

12. Defendant is headquartered at 500 East 7th Street, Austin, Texas 78701.

13. HR and other payment decisions and directives are made at Defendant's headquarters.

14. The agent for service for Defendant is Peter F. Daniels, III, 6633 East Highway 290, Suite 212, Austin, Texas 78723.

## IV.  FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

16. During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a Supervisor.

17. As a Supervisor, Plaintiff's primary duties were to make sure medication was distributed to Defendant's patients and generally ensure that the day to day needs of residents were being met.

18. Plaintiff and other and other Supervisors were classified as non-exempt under the FLSA, and were paid an hourly rate.

19. Plaintiff and other Supervisors worked more than forty (40) hours per week on a regular, typical basis while working for Defendants.

20. Plaintiff and other Supervisors kept track of their time by either clocking in and out of a time keeping application or, if the application was not working, by writing their time down on a timecard.

21. On days in which Plaintiff and other Supervisors recorded their time manually on timecards, Defendant failed to add these hours to Plaintiff and other Supervisors time sheets. As a result, Plaintiff and other Supervisors were not paid for all hours worked over forty in a week.

22. Plaintiff and other Supervisors also did not receive all overtime compensation during weeks in which they worked more than forty hours because it was Defendant's commonly applied policy to pay Supervisors straight time for all hours worked.

23. Plaintiff and other Supervisors were and are entitled to 1.5 times their regular rate of pay for hours worked in excess of 40 in a week.

24. Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Supervisors violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

25. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Supervisors who were, are or will be employed by Defendants and who are entitled to payment for all of their overtime wages which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

26. Plaintiff is unable to state the exact number of the class but believes that the classes membership exceeds 10 persons but is less than 50 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

27. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

28. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

29. The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

30. The proposed FLSA class members are similarly situated in that they share these traits:

   i. They performed the same or similar job duties;

   ii. They were subject to Defendant's common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week;

   iii. They were subject to numerous other common policies and practices as described *supra*.

## VI. LEGAL ALLEGATIONS

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Individual Claim for FLSA Overtime Violations

32. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

33. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

34. Defendant knew or should have known of its obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. Collective Action Claims for Violation of the FLSA

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. In addition to his individual claims against Defendant, Plaintiff brings claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period.

38. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

**Each person who worked as a Supervisor at any time during the three years preceding the filing of the Original Complaint.**

39. Throughout the statute of limitations period covered by these claims, Plaintiff and Putative Class Members regularly worked in excess of forty (40) hours per week, and Putative Class Members continue to do so.

40. At all relevant times, Defendant operated under common policies, plans and practices of failing and refusing to pay Plaintiff and Putative Class Members at one-and-one-half times their regular rate for work in excess of forty (40) in each workweek in violation of the FLSA.

41. Defendant knew or should have known of its obligation to pay the Putative Class Members at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

42. Defendant's conduct and practices, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Putative Class Members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Issac Jerrell, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B.	That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.	A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D.	Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E.	Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.	Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

G.	An order directing Defendant to pay Plaintiff and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.	Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF ISSAC JERRELL**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**Page 9 of 9**
*Issac Jerrell v. A New Entry, Inc.*
**U.S.D.C. (W.D. Tex.) Case No. 1:18-cv-929**
**Original Complaint—Collective Action**